UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN L. HEADEN,                                    )
                                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
          v.                                        )   CASE NO. 1:04-cv-2016-DFH-TAB
                                                    )
ASSET ACCEPTANCE, LLC,                              )
                                                    )
                                                    )
                    Defendant.                      )
_____

TAMMY A. EVORY, individually and on                )
behalf of all others similarly situated,           )
                                                    )
                    Plaintiff,                      )
                                                    )   CASE NO. 1:05-cv-0140-DFH-TAB
          v.                                        )
                                                    )
RJM ACQUISITIONS FUNDING, LLC,                      )
                                                    )
                    Defendant.                      )

_____

ANGELA T. HUBBARD, individually and                )
on behalf of all others similarly situated,        )
                                                    )
                    Plaintiff,                      )
                                                    )   CASE NO. 1:05-cv-0218-DFH-TAB
          v.                                        )
                                                    )
M.R.S. ASSOCIATES, INC.,                            )
                                                    )
                    Defendant.                      )

ENTRY ON MOTIONS TO DISMISS

These three parallel cases arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In determining whether a debt collector has used false, deceptive, or misleading representations or means under section 1692e, the court applies the unsophisticated consumer standard. *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated consumer standard is an objective test; courts ask whether the debt collector's communication would deceive or mislead an unsophisticated but reasonable consumer. *E.g.*, *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003).

The plaintiffs are consumers who allege that the defendant debt collectors violated section 1692e by making false or misleading representations in letters offering to settle the plaintiffs' debts at a discount. Defendant Asset Acceptance, LLC has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendant RJM Acquisitions Funding, LLC ("RJM") and defendant M.R.S. Associates, Inc. ("MRS") have moved to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim.

These cases are part of a series of cases that seek to extend the Fifth Circuit's decision in *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d

488, 495 (5th Cir. 2004) (reversing summary judgment for debt collector; letter offering to settle debt violated 15 U.S.C. § 1692e where letter falsely asserted that offer was "one time only").  The cases assert a theory that would, if successful, effectively discourage debt collectors from offering to settle accounts for less than full payment.

Plaintiffs contend that any settlement offer with a time limit could be misunderstood by an unsophisticated consumer as falsely implying that the offer will expire forever and that no better offer will ever be made.  If that theory is valid, either any settlement offer would have to be the debt collector's best and final offer, or the offer would have to be held open indefinitely.  Few creditors and debt collectors would be willing to make an offer under those ground rules.  Whether intentionally or not, plaintiffs' theories in these cases would turn the FDCPA upside down and would make it more difficult for debtors to resolve their debts at a discount.  The interpretation of 15 U.S.C. § 1692e sought by the plaintiffs is not required by the terms of the FDCPA and would have unreasonable results contrary to the purposes of the FDCPA.  Accordingly, the defendants' motions are granted.  See *Gully v. Van Ru Credit Corp.*, — F. Supp. 2d —, 2005 WL 1941329 (N.D. Ill. 2005) (granting similar motion to dismiss).

*Applicable Standards*

The court applies the same standards to motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6). *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 490 (7th Cir. 2005), citing *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000). The court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all reasonable inferences in a light most favorable to the plaintiff. *Forseth*, 199 F.3d at 368. Under the liberal notice pleading standard in federal civil actions, the plaintiff is entitled to the benefit not only of those allegations but of any other facts he or she might assert that are not inconsistent with his allegations. Defendants are entitled to dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Chaney v. Suburban Bus Division*, 52 F.3d 623, 626-27 (7th Cir. 1995).

## *Factual Allegations*

Under these standards, the court treats the following allegations as true. Plaintiff Headen received a letter from defendant Asset Acceptance offering to settle a delinquent consumer debt owed by Headen. The letter was dated March 2, 2004 and stated in pertinent part:

TIME'S A WASTIN'!

Dear KEVIN L. HEADEN,

Act now and receive 30% off ($414.13) if you pay by March 31st, or receive only 25% off ($345.11) if you pay by the April 15th tax filing deadline.

Try a rapid tax refund or borrow the money so you can save $414.13!!

Remember, time's a wastin'!

Case 1:04-cv-2016, Docket No. 1, Cplt. Ex. A.

Plaintiff Evory received a letter from defendant RJM offering to settle a delinquent consumer debt owed by Evory. The letter, dated April 15, 2004, stated in pertinent part:

TWO OPPORTUNITIES

[RJM] has purchased the above referenced account.

Previously, we offered you the opportunity to settle this account with a lump-sum payment of $259.64, a 20% discount on the balance due.

While some people were very interested in this offer, they found that raising the full amount required to settle the account within the specified time was just too difficult.

OPPORTUNITY #1

[RJM] would like to re-offer the same 20% discount to be paid in seven (7) consecutive monthly payments of $37.09. Upon receipt and clearance of all seven payments in accordance with this offer, your account will be paid in full.

OPPORTUNITY #2

If you cannot take advantage of opportunity #1, [RJM] is pleased to accept $18.54 per month until the balance of $324.55 is paid.

After completion of either of the above offers, [RJM] will, if applicable,

UPDATE [its] REPORTING OF THIS ACCOUNT ON YOUR
CREDIT REPORT TO PAID IN FULL WITH A ZERO BALANCE.

These two offers are valid through May 30, 2004.

Case 1:05-cv-0140, Docket No. 1, Cplt. Ex. 1.

Plaintiff Hubbard received a letter from defendant MRS attempting to settle a delinquent consumer debt owed by Hubbard.  The letter, dated October 16, 2004, stated in pertinent part:

[W]e would like to offer you a unique opportunity to satisfy your outstanding debt.  We are presenting the option that will enable you to avoid further collection activity being taken against you.
OPTION 1:  A settlement of 25% OFF of your current balance, SO YOU ONLY PAYMENT [sic] $329.99 in ONE PAYMENT that must be received no later than 40 days after the date on this letter.

Case 1:05-cv-0218, Docket No. 1, Cplt. Ex. 1.

Plaintiffs allege that all three letters violate section 1692e because the debt collectors would in fact have been willing to settle at any time for the amounts they were demanding and would in fact have been willing to settle for less than they were demanding in the letters.  Plaintiffs contend the letters therefore falsely represented the debt collectors' settlement authority and practices.

*Discussion*

The court assumes to be true the plaintiffs' factual allegations that the defendant debt collectors would have been willing to settle on these terms after the stated deadlines in the offers.  Even in light of that assumption, the statements in the letters are not false.   None of the letters expressly states that the opportunity to settle the debt at a discount would be lost after the given date.  A debt collector  is free to make offers of limited duration, to terminate them at the given date, and then to make a new offer of similar or even identical terms effective immediately.  In fact, RJM's letter to plaintiff Evory indicated that RJM was willing to "re-offer the same 20% discount" it had offered in the past.

Thus, plaintiffs could prevail only on the ground that the letters were misleading or deceptive rather than literally false.  The court is hard pressed to imagine that even an unsophisticated but reasonable consumer would interpret any of the letters at issue here in the manner proposed by the plaintiffs.  The unsophisticated but reasonable consumer "may tend to read collection letters literally," but he also "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000); accord, *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (unsophisticated consumer standard is an objective one, and court

disregards "unrealistic, peculiar, bizarre, and idiosyncratic interpretations" of collection letters); *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (test under § 1692e is objective, "turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer"); *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 484 (7th Cir. 1997) (unsophisticated consumer standard includes objective element of reasonableness, which protects debt collectors from unrealistic or peculiar interpretations of collection letters).

Plaintiffs' assertion that such an individual would interpret a settlement offer – based solely on the time limit – as a one-time offer that would never be repeated is based on speculation.  The letters do not say they are one-time offers. They do not say the offered amounts are as low as the collectors are now or ever will be prepared to accept.  Perhaps a recipient might assume from the deadlines that they are one-time offers, or assume that the offered discounts are fixed.  But that is sheer speculation and guesswork, not a reasonable understanding, even from the perspective of an unsophisticated consumer.

Whether a letter violates the FDCPA is often a question of fact.  *E.g.*, *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) (reversing dismissal under Rule 12); *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1059-60 (7th Cir. 1999) (reversing dismissal under Rule 12).  In deciding a motion under Rule 12(b)(6) or Rule 12(c), however, a court may consider documents

attached to a complaint, as the letters were in these cases.  See Fed. R. Civ. P. 10(c); *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).  In clear cases, however, the Seventh Circuit has decided as a matter of law that collection letters were not deceptive or misleading.  *E.g., Durkin v. Equifax Check Servs., Inc.*, 406 F.3d at 422 (affirming summary judgment); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 740 (7th Cir. 2004) (affirming summary judgment); *Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d at 1061-62 (affirming summary judgment); *Jang v. A.M. Miller & Associates,* 122 F.3d at 483-84 (affirming dismissal under Rule 12).  In this case, the settlement letters were not false, and they are not reasonably susceptible to a deceptive or misleading interpretation.  As a matter of law, the letters offering settlements here did not violate section 1692e.[1]

Even if the court could find plausible that an unsophisticated but reasonable consumer might be misled or deceived by the statements in the letters, it would not change the result.  Section 1692e states that debt collectors may not use false, deceptive, or misleading means to collect any debt.  The question, ultimately, is whether the communications involved here would be deceptive or misleading as those terms are used in the statute.  The answer for purposes of

---

[1]Plaintiffs have not suggested they would even attempt to offer at later stages of litigation any survey evidence supporting their speculative reading of these settlement offers.  Cf. *Johnson v. Revenue Management*, 169 F.3d at 1060-61 (suggesting that survey evidence might support interpretations of collection letters); see also *Walker v. National Recovery*, 200 F.3d at 503-04 (stating that dismissal could be proper if plaintiffs do not intend to offer evidence beyond text of letters).

these motions would depend on whether, drawing all reasonable inferences in favor of the plaintiffs, the communications are the sort that Congress intended to prevent when it enacted the FDCPA.

Where statutory terms as applied to particular facts are open to more than one plausible interpretation, courts may look beyond the literal words of the specific statutory provision at issue.  See, *e.g.*, *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (quotations omitted); *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1220 (7th Cir. 1982) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provision of the whole law, and to its object and policy.") (quotations omitted). Courts also may look to the consequences of alternative interpretations of statutory language.  *Clark v. Martinez*, 543 U.S. —, —, 125 S. Ct. 716, 724 (2005) ("when deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice").  "[T]he Supreme Court has recognized limitations on the requirement that statutory language be interpreted literally.  A literal construction is inappropriate if it would lead to absurd results or would thwart the obvious purposes of the statute." *Smith v. Bowen*, 815 F.2d 1152, 1154 (7th Cir. 1987), citing *In re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 643 (1978).  Even in cases "when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance

with the policy of the legislation as a whole [the Supreme] Court has followed that purpose, rather than the literal words." *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 544 (1940) (quotations omitted); *American Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (1982) ("Statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible.").

Even if an unsophisticated but reasonable consumer might believe the settlement offer was a one-time offer and that the creditor would never settle for a penny less, that fact would not support a claim upon which relief can be granted under section 1692e of the FDCPA. The practical consequence of holding these letters unlawful would be to prohibit settlement offers that are anything but the debt collector's best and final offer. That result would be flatly contrary to the purposes of the FDCPA.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA . . . was designed to protect against abusive debt collection practices likely to disrupt a debtor's life." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997). It is difficult to see how an offer to settle like those at issue here would disrupt a debtor's life. Such an offer might encourage a debtor to pay a portion of the debt or to pay it sooner than he or she

otherwise would.  That is not the sort of disruption at which the statute is aimed.

The letters, after all, do not reasonably appear likely to coerce payment from one

not in a position to pay.  They present only carrots, not sticks.  A debt collector

need not make any offer to settle at a discount, and a debtor who ignores one of

these letters is in precisely the same position she was in before the letter arrived.

Under the standard applicable to these motions, the court assumes that the

defendants' letters did not completely disclose their negotiating positions.

Treating these statements as possibly deceptive or fraudulent because they did

not do so, however, would undermine the basis of consumer debt settlements.  It

would require the debt collector seeking settlement to state up front its lowest

acceptable price and the longest possible term for accepting it, or else risk liability

under the statute.   Under plaintiffs' theory, a later extension of one day or

reduction of the demand by one dollar would produce a lawsuit under the FDCPA

seeking statutory damages and attorney fees.

If courts interpret the FDCPA to mean that a settlement offer that expires

on a date certain becomes deceptive when the collector later offers to settle for

less, the effects will not be good for consumer-debtors.  Such rulings would deter

any settlement offers (other than improbable offers without any deadlines at all).

If any offer were made, it would have to be the collector's best and final offer.  See

*Gully v. Van Ru Credit Corp.*, — F. Supp. 2d —, —, 2005 WL 1941329, *5 (N.D. Ill.

2005) (granting motion to dismiss in similar case: "The fact that defendant did

not disclose the full extent of its settlement authority does not, however, render the dunning letters false and misleading.").

Though the plaintiffs deny they are trying to outlaw settlement offers in general, their reasoning leads precisely to that result.   According to plaintiff Headen: "While there is a wide variety of language in the debt collection letters [at issue in these cases], the common features are that they give a date for payment and could be construed by an unsophisticated consumer as meaning that settlement is not available on the same terms after that date." Headen Br. at 10. Under plaintiffs' theory, any deadline will subject the collector to a lawsuit under the FDCPA if the debt collector later shows any flexibility at all, as to either the deadline or the amount of the demand.  That is not a reasonable interpretation of the statute.

Plaintiffs rely on *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004).  In *Goswami*, a consumer debtor had sued a collection agency for, among other claims, violating section 1692e of the FDCPA.  The agency had sent a collection letter stating:  "Effective immediately, and only during the next thirty days, will our client agree to settle your outstanding balance due with a thirty percent (30%) discount."  *Id.* at 492.  In fact the agency was authorized to offer discounts as high as 50% at any time.  The district court granted summary judgment for the agency, finding that the letter did not violate the FDCPA.  The Fifth Circuit panel upheld summary judgment for the agency on other issues but

reversed summary judgment on the claim under section 1692e, reasoning as follows:

> The statement in the collection letter is untrue and makes it appear that [the] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days.  The obvious purpose of the statement was to push Goswami to make a rapid payment to take advantage of the purported limited time offer.

*Id.* at 495.

The defendants distinguish *Goswami* on the ground that the letter in *Goswami* contained statements that were explicitly false, while the letters here did not state expressly that they were "one time only" offers.  The defendants are correct about this factual distinction:  none of the letters at issue here contain explicit falsehoods, even under plaintiffs' allegations.

Plaintiff Evory asserts that there is "no practical difference between telling the unsophisticated consumer that a settlement offer is available 'only during the next thirty days' (as in *Goswami*), and telling a consumer that a settlement offer is valid only for a specific time, as Defendant did here."  Evory Resp. at 6.

RJM's letter to Evory did not state the offer was valid "*only*" for a specific time, as Evory suggests.  It indicated that the offer was valid *for* a specific time, imparting no express information (false or otherwise) about whether there would or would not be another opportunity in the future.  As between that type of

-14-

communication and the explicitly false communication at issue in *Goswami*, there is indeed a practical difference. The court assumes that the explicitly false time limits in *Goswami* – "only during the next thirty days" – might mislead a reasonable unsophisticated consumer. The time limits in the letters at issue here would not mislead a reasonable unsophisticated consumer in a manner outlawed by the statute.

District courts are divided on whether *Goswami* reaches letters that do not expressly state that their offers are one time only. In *Gully v. Arrow Financial Servs., LLC*, 2005 U.S. Dist. LEXIS 16836 (N.D. Ill. June 8, 2005), the collection letter contained a deadline and also stated that the collection agency was willing to settle "at this time." Plaintiffs alleged, as here, that the defendant was willing to settle for a lower amount at any time. Despite the absence of "one time only" language or other express falsehood in the defendant's letter, the court applied the reasoning of *Goswami* to deny the defendant's motion for judgment on the pleadings: "when viewed together with the specific deadline for submitting payment, Arrow's offer of settlement 'at this time,' while literally true, arguably suggests that it was a 'one time' offer only." *Id.* at *21. Accord, *Jackson v. Midland Credit Management, Inc.*, 2004 U.S. Dist. LEXIS 28351 (N.D. Ill. Oct. 12, 2004); *Jackson v. National Action Financial Servs.*, No. 04 Civ. 1805 (N.D. Ill. Nov. 10, 2004).

Other district courts have agreed with this court's view, which is that the absence of false "one time only" language is sufficient to distinguish *Goswami*.  In *Gully v. Van Ru Credit Corp.*, — F. Supp. 2d —, 2005 WL 1941329 (N.D. Ill. Aug. 8, 2005), the court recently granted the defendant's motion for judgment on the pleadings under Rule 12(c) where the settlement letter contained a deadline but no explicit "one time only" language.  Judge Moran explained persuasively:

> Plaintiffs attempt to analogize *Goswami*, but they fall short. Defendant did not falsely portray what the creditor would accept; instead, it communicated the amount it was willing to accept within a specific time period.  And in stating the amount that it would accept, defendant never asserted or implied that this was the plaintiffs' only opportunity to settle.  Significantly, defendant did not state that it was authorized to settle "only" for 40 per cent until the specific dates mentioned, which would have injected an artificial sense of finality into the offer.
>
> . . . .
>
> [W]e disagree with the *Jackson v. National* and *Gully v. Arrow* courts, which concluded that the stated deadlines were not actual deadlines. A deadline is not meaningless simply because a debt collector makes a settlement offer at the same discounted rate contained in the offer preceding the deadline.  That deadline still marked the end of the first offer.  Plaintiffs further argue that the deadline cajoles debtors into making payments when the debt collector is able to accept less.  The problem with that position is that debt collectors are not obligated to make these settlement offers, and debtors are not entitled to receive them.  The FDCPA is not violated when a debtor does not settle his outstanding debt for the least amount of money.
>
> Despite plaintiffs' representations to the contrary, under their argument a settlement offer would be false and misleading unless it was the best possible offer – the greatest discount offer left open for the longest period of time.  Otherwise, any offer on the table would not conform to what the debt collector was actually authorized to extend. [S]uch a result is contrary to the FDCPA's policy of encouraging the settlements of outstanding debts.

*Id.* at *6.

Similarly, in *King v. Arrow Financial Servs., LLC*, 2003 WL 21780973, *3 (E.D. Pa. July 31, 2003), the court granted defendant partial judgment on the pleadings where the settlement letter contained a deadline and stated that the collection agency was willing to settle "at this time."  According to the court, the letter "does not state that the agency is conveying a 'one-time' or 'final' offer. . . . The inclusion of a deadline for acceptance of the settlement is merely a term of the settlement offer, and the least sophisticated consumer would interpret it as such").  In *Sarder v. Academy Collection Service, Inc.*, 2005 WL 615831 (E.D.N.Y. March 3, 2005), the court granted the defendant's motion for judgment on the pleadings where the settlement letter contained a deadline but no explicit "one time only" language.  The court described as "mere speculation" the argument that an unsophisticated consumer would be deceived into believing the full amount was due after deadline.  According to the court:  "There is simply no indication in the letter that the agency will not accept less than $6,447.42 before March 2, 2002, nor is there any indication that it will not settle after March 2, 2002 for a lesser amount."  *Id.* at *3.

Finally, and in the alternative, even if the letters at issue here were deemed factually indistinct from the letter in *Goswami* – *i.e.*, as misleading to an unsophisticated consumer – the court would not apply the reasoning of *Goswami* to allow plaintiffs to proceed in these cases.  The Seventh Circuit has taught that

district courts should give "most respectful consideration" to the decisions of other courts of appeals and should follow them whenever they can. *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987) (Seventh Circuit and district courts should bear in mind "the interest in maintaining a reasonable uniformity of federal law and in sparing the Supreme Court the burden of taking cases merely to resolve conflicts between circuits"). At the same time, the Seventh Circuit's decisions show that it expects district courts to consider decisions of other circuits critically and not merely to follow them by rote. *E.g.*, *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 928 (7th Cir. 2000) (reversing district court that had followed other circuits on unpersuasive interpretation of statute).

This court has considered *Goswami* carefully, and respectfully disagrees with its interpretation of section 1692e as forbidding debt collectors from stating that an offer to settle is a "one time only" offer or that the stated settlement amount is a fixed minimum when in fact it is not. Creditors and debt collectors cannot reasonably be required to make only their last best offer when they make their first offer in settlement negotiations.

The *Goswami* court noted: "The obvious purpose of the statement was to push Goswami to make a rapid payment to take advantage of the purported limited time offer." 377 F.3d at 495. However, to the extent the debt collector's intent is relevant under section 1692e, see *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d at 995 ("the debt collector's subjective intent or belief is not dispositive

-18-

of our inquiry under §1692e"), and notwithstanding the *Goswami* court's use of the coercive metaphor "push," this court does not find such statements abusive even if they might be deemed deceptive or misleading.  The debt collector in *Goswami*, like the debt collectors here, was offering carrots, not sticks.  The apparent consequence to the debtor of ignoring the letter and declining to "make a rapid payment to take advantage of the purported limited time offer" is to remain in precisely the same position he or she was in before the letter arrived.

The *Goswami* court's interpretation loses sight of the purposes of the statute and the consequences of its decision.  The court acknowledged the value of debt settlement offers:  "Courts favor such settlement offers because they 'result in the resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation[.]'"  377 F.3d at 495-96, quoting *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998).  The *Goswami* court's reasoning will thoroughly discourage such settlements, at least if the reasoning is extended beyond the language of "only during the next thirty days."

The kind of "deceit" that troubled the *Goswami* court occurs often in settlement negotiations — less with outright falsehoods than with silence or statements that let the other party guess whether a better offer might be made or whether the current offer is instead actually *the* best and final offer.  This kind of mutual uncertainty is common in a wide variety of economic bargaining.  And every lawyer and judge has seen settlement negotiations in which the "last and

best offer" turned out not to be the very last and the very best.  Negotiators learn to be cautious about using such language.  Still, it is not unusual for one party to go out on that limb and then to have to climb down from it by making one more better offer.  If that occurs, does it mean the first statement was unlawful?  Does it mean that the debtor is entitled to have a jury decide whether the original statement was deliberately false?

The FDCPA need not be interpreted to hold that Congress intended to make such uncertainty about the other party's negotiating position unlawful in settling consumer debts.  Even the unsophisticated but reasonable consumer possesses "rudimentary knowledge about the financial world" and is "wise enough to read collection notices with added care."  *Pettit v. Retrieval Masters Credit Bureau*, 211 F.3d at 1060.  Such a consumer would not expect a car dealer's sticker price to be its bottom line.  Nor would she expect a debt collector's first offer to be its last and best offer.

The practical result of the *Goswami* holding under section 1692e is to deter settlements, not to deter abusive collection tactics.  Both debtors and upstanding debt collectors – the parties Congress aimed to protect – would be harmed.  When the superficially plain meaning of statutory language would produce results "unreasonable [and] plainly at variance with the policy of the legislation as a whole," the Supreme Court "follow[s] that purpose, rather than the literal words." *United States v. American Trucking Associations*, 310 U.S. at 544.

*Conclusion*

An unsophisticated but reasonable consumer would not be deceived by the letters at issue in a manner contemplated by the statute.   The interpretation of section 1692e sought by the plaintiffs in these cases would have unreasonable results plainly at variance with the policy of the FDCPA as a whole.  Plaintiffs have not stated claims under section 1692e of the FDCPA.  Accordingly, the defendants' motions to dismiss the complaints are granted.   The dismissals are without prejudice to plaintiffs' ability to file amended complaints no later than September 22, 2005.  If no amended complaints are filed, the court will enter judgments of dismissal with prejudice.


     So ordered.

Date: August 23, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS, LTD
mephilipps@aol.com

Amy R. Jonker
MESSER & STILP LTD.
jonker@messerstilp.com

L. Craig Turner
FOLEY & POOL
craig@cturnerlaw.com

John D. Blythin
EDELMAN COMBS LATTURNER & GOODWIN LLC
jblythin@edcombs.com

Cathleen Maria Combs
EDELMAN COMBS & LATTURNER
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS & LATTURNER LLC
courtecl@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Derek Bryant Rieman
EDELMAN COMBS LATTURNER GOODWIN
drieman@edcombs.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com