UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA T. HUBBARD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> M.R.S. Associates, Inc., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:05-cv-0218-DFH-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

ENTRY ON PLAINTIFF'S MOTION TO CERTIFY CLASS

*Introduction*

Plaintiff Angela T. Hubbard filed this matter individually and on behalf of all other Indiana residents who, like Hubbard, received substantially the same debt collection letter sent between February 14, 2004 and February 14, 2005 by defendant M.R.S. Associates ("MRS"). MRS stated in its letter that it was presenting Hubbard with a unique opportunity to settle her outstanding debt at a discount, but only if it received her payment no later than a specified date. Pl. Br. 2; Pl. Ex. A. Hubbard alleges that the letter violated section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, on the theory that the letter was "false, deceptive or misleading" because MRS would have been willing to settle her debt at any time.

Last year, on appeal from dismissal of Hubbard's claim under Rule 12(b)(6), the Seventh Circuit held that such a claim could be viable if a plaintiff can demonstrate, using a survey that comports with the principles of professional survey research, that a sufficiently large segment of the unsophisticated public is likely to be deceived by such language in a debt collection letter. See *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 776 (7th Cir. 2007). On remand, the court deferred the deadline for Hubbard to submit her consumer survey until after class certification is decided. See Dkt. 96. Hubbard has moved to certify a plaintiff class defined as "all persons similarly situated in the State of Indiana from whom Defendant MRS attempted to collect a delinquent consumer debt allegedly owed to First Premier Bank, [from February 14, 2004 to February 14, 2005], and as to which the consumer was sent a purported limited settlement offer letter similar to the letter [Hubbard] received." Complaint ¶ 9. Hubbard's motion to certify the class is granted. MRS's request to expand the class beyond the February 14, 2004 to February 14, 2005 time frame is denied.

*Standard for Class Certification*

Class certification depends not on the merits of the lawsuit or on which party will prevail, but on whether the requirements of Federal Rule of Civil Procedure 23 are met. See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). To secure certification of a plaintiff class under Rule 23, Hubbard must

show the court that all four requirements of Rule 23(a) and at least one of the sub-parts of Rule 23(b) have been satisfied.  *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).  The familiar requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation.  Failure to meet any of these requirements will bar class certification.  See *id.*  MRS concedes that Hubbard has made a satisfactory showing of commonality and typicality.  MRS also concedes that Hubbard has satisfied Rule 23(b)(3) because questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.  The requirements at issue are numerosity and adequacy of representation.

### *Adequacy of Representation*

To be certified, the named representative must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4).  The adequacy standard involves two elements.  First, a class representative must have a sufficient stake in the outcome to ensure zealous advocacy and must not have claims antagonistic to or conflicting with claims of other class members.  Second, counsel for the named plaintiffs must be experienced, qualified, and generally able to conduct the litigation on behalf of the class.  See *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977).  Generally, the court's primary concern is whether there is any potential collusion between the representative and the lawyers and whether

there is a potential conflict of interest.  *Eggleston v. Chicago Journeymen Plumbers'*
*Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981).  As the Seventh
Circuit noted, the Supreme Court has found adequate a "named plaintiff [who] did
not understand her complaint at all, could not explain the statements in it, had
little knowledge of what the lawsuit was about, did not know the defendants by
name, nor even the nature of the misconduct of the defendants."  *Eggleston*,
657 F.2d at 896 discussing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366
(1966).  MRS argues that Hubbard is inadequate to represent the class because,
in filing for bankruptcy in December 2004 and August 2006, she initially failed to
disclose her lawsuit against MRS as an asset on her bankruptcy schedules and
because she lacks the diligence necessary to prosecute the case on behalf of the
absent class members.  Def. Br. 5-6.

Hubbard's receipt of MRS's collection letter, dated October 16, 2004, gave
rise to this lawsuit.  After receiving the letter, Hubbard filed for bankruptcy.  In
her initial bankruptcy papers, filed on December 24, 2004, Hubbard failed to
disclose her potential FDCPA claim against MRS as an asset on her Schedule B
form.  Hubbard Dep. Ex. 1.  She later amended her Schedule B to reflect a
potential FDCPA claim aginst MRS two weeks before she filed her initial complaint
in this matter on February 14, 2005.  Hubbard Dep. Ex. 3.  Hubbard's initial
complaint was dismissed on August 23, 2005.  Dkt. 33.  Hubbard's amended
complaint was dismissed on March 28, 2006, and Hubbard appealed.  Dkt. 50.

-4-

In August 2006, while her appeal was pending, Hubbard filed for bankruptcy a second time.  Again Hubbard did not list her dismissed FDCPA claim against MRS as a contingent and unliquidated claim on Schedule B of her bankruptcy petition.  Hubbard Dep. Ex. 4.  When asked to explain this omission, Hubbard testified that she had forgotten about her FDCPA claim against MRS.  Hubbard Dep. 55.  More than a year later, on October 23, 2007, the Seventh Circuit later reversed dismissal of her FDCPA claim against MRS.  See *Evory*, 505 F.3d at 769.  Although her Chapter 13 plan had been approved eighteen months earlier by the bankruptcy court, Hubbard amended her bankruptcy Schedule B on June 19, 2008 once again to include her revived FDCPA claim against MRS.

MRS argues that Hubbard's failure to list this lawsuit as an asset in bankruptcy – twice omitted and twice corrected – "speaks volumes" about her inadequacy to act as the class representative in this case.  Def. Br. 6.  Under the circumstances here, the court is not persuaded.  In December 2004, when she filed for bankruptcy the first time, Hubbard had received MRS's collection letter only a few months before.  At the time of that first filing, Hubbard may not have been aware that the letter she received and now alleges to have been misleading and deceptive was actionable under the FDCPA and that she could recover damages.  Once those dots had been connected, the record reflects, she corrected her Schedule B form.  When Hubbard filed for bankruptcy for the second time in August 2006, her FDCPA claim was in procedural limbo – her case had been

dismissed and her appeal was pending.  Given the procedural posture of her case against MRS, her failure to include her claim on her Schedule B list of assets was erroneous but understandable.  (Keep in mind that the applicable standard for violating the FDCPA is the "unsophisticated consumer," not someone trained to understand that a dismissed case pending on appeal may still be an asset; such a person presumably would also not have been misled by the allegedly misleading letter.)  After the Seventh Circuit revived her case, Hubbard corrected the omission and amended her Schedule B asset list.   Whether standing alone or taken together, Hubbard's oversights in failing to disclose this lawsuit to the bankruptcy court in her initial petitions will not impair her adequacy as class representative.

Also, Hubbard testified that she communicated with her attorneys and that she participated in discovery.   Hubbard Dep. 23, 28, 38, 40, 83-84.   She understands that her claim is based on the FDCPA, and she is able to articulate the general nature of her claim:

> I believe that . . . I could have actually made arrangements outside of the time frame that was given. . . .  When I got the letters, I was basically told I had to act within a certain amount of time, and because I couldn't in that time, I basically felt like it was over; you know, it was like within this window of time, and beyond that I couldn't do anything.  I was led to believe that was not true.

Hubbard Dep. 29.  Hubbard has demonstrated at a minimum that she has been in communication with her attorneys and that she has a basic knowledge of what her case is about.  Without even a minimal showing of collusion or conflict of

interest, Hubbard's knowledge is sufficient to meet the bar set in *Eggleston*. Hubbard has shown that she will be an adequate class representative under Rule 23(a)(4).

*Numerosity*

Hubbard moves to certify a class of Indiana residents who received MRS's letters mailed between February 14, 2004 and February 14, 2005, when she filed her original complaint. Based on information supplied by MRS, Hubbard believes that the proposed class consists of approximately 2,850 Indiana residents. Pl. Br. 5. MRS does not dispute that the class proposed by Hubbard satisfies the Rule 23 numerosity requirement. However, MRS has taken a tack unusual for a defendant in a class action. It contends that the proposed class should encompass a larger group. MRS contends that although Hubbard and her attorneys seek a smaller class to reduce litigation costs, the class should be expanded so that MRS may be protected from exposure to serial lawsuits. MRS proposes a class that would include all Indiana residents who received MRS's letter mailed between February 14, 2004 and January 12, 2007, when it discontinued use of settlement letters like Hubbard's.

Although the court is also interested in judicial efficiency and avoiding duplicative litigation, MRS offers no legal support for its argument that the court should expand the proposed class over Hubbard's objection. In opposing the

expansion of the class, Hubbard relies on the Seventh Circuit's decision in *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997). In *Mace*, the plaintiff sought certification on a state-wide rather than a nation-wide basis, and the district court reasoned that allowing state-by-state suits to proceed would nullify the damage cap of the FDCPA. *Id.* at 342. The FDCPA limits class recovery to $1000 per named plaintiff and the lesser of $500,000 or 1 percent of the net worth of the debt collector for the other class members, plus attorney fees and costs. See 15 U.S.C. §§ 1692k(a)(2)(A)-(B); *Mace*, 109 F.3d at 342. On appeal, the *Mace* court noted that the Truth In Lending Act contains a similar cap, but also provides that the total recovery of "any class action *or series of class actions*" is capped under the statute. The FDCPA contains no parallel language about a series of class actions, and the Seventh Circuit refused to read such language into the statute. *Mace*, 109 F.3d at 342-44. The court found that there was "no way of telling" whether the serial class actions feared by the defendants were "possible or likely, here or generally," and in any event the FDCPA's relatively short one-year statute of limitations offered protection against multiple lawsuits. *Id.* at 344.

Here, MRS fears that because Hubbard's lawsuit tolled the statute of limitations, the FDCPA's one-year statute of limitations will not protect it from serial lawsuits brought on behalf of individual Indiana residents or classes of Indiana residents who received MRS's letter in the nearly two years between Hubbard's filing of the complaint and MRS's discontinuation of the letter. Def. Br. 9. However, as the *Mace* court explained, "if a debt collector is sued in one state,

-8-

but continues to violate the statute in another, it ought to be possible to challenge continuing violations." *Mace*, 109 F.3d at 344.  Similar reasoning applies here. MRS chose to continue to use the challenged language in spite of Hubbard's lawsuit and in effect accepted the risk of multiple lawsuits in doing so.  MRS's request to expand the class beyond those Indiana residents who received MRS's debt collection letter between February 14, 2004 and February 14, 2005 is denied.

## Conclusion

For the foregoing reasons, Hubbard's motion to certify the class in this matter is granted.  To comply with Rule 23(c)(1):  the class consists of all Indiana residents from whom defendant attempted to collect a delinquent consumer debt allegedly owed originally to First Premier Bank using substantially the same form of collection letter sent to Hubbard, mailed on or after February 14, 2004 and no later than February 14, 2005.  The class is certified for purposes of claims that the defendant's letter proposing settlement of existing debts violated the Fair Debt Collection Practices Act.  No later than January 9, 2009, plaintiff's counsel shall prepare and file an appropriate proposed notice to the class to comply with Rule 23(c)(2), after having given defendant a reasonable opportunity to consider proposed language.  If the parties do not agree, defendant will have 14 days after filing to comment on the proposed notice.

So ordered.

Date: December 19, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com,hst2893899@aol.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com,cburchill@mcguirewoods.com

Amy R. Jonker
MCGUIRE WOODS LLP
ajonker@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com,mephilipps@sbcglobal.net